PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JN FENEL AUGUSTE, | ) | |
| | ) | CASE NO.  3:26CV0971 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE UNITED STATES, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondents. | ) | **AND ORDER** |

Pending is Petitioner JN Fenel Auguste's Amended Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (ECF No. 5).

Petitioner is currently detained at the Correctional Center of Northwest Ohio in Stryker, Ohio,

which is located within the Northern District of Ohio.  He challenges his designation as a

perpetual "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(1), based on

his initial June 2024 entry into the country, thereby precluding any possibility of a bond hearing.

Petitioner moves the Court to order his release from detention because his detention without the

possibility of a bond hearing is unconstitutional.  He contends that detention is properly grounded

in 8 U.S.C. § 1226(a), which – unlike § 1225(b)(1) – generally authorizes immigration judges to

release aliens on bond.  The Court has been advised, having reviewed the record, the Amended

Petition (ECF No. 5), Respondents' Response to Petition (ECF No. 8), Petitioner's Reply to

(3:26CV0971)

Respondents' Response (ECF No. 9),[1] and the applicable law.  The Court has also considered the

oral arguments of counsel offered on the record during the Telephonic Hearing held on May 27,

2026.  For the reasons set forth below, the Court conditionally grants the Petition.

Petitioner is a native and citizen of Haiti.  On June 16, 2024, Petitioner entered the United

States when he appeared at the Brownsville, Texas port of entry.  *See* I-94 (ECF No. 5-8) at

PageID #: 130.  He was paroled into the United States until June 15, 2026.  *See* ECF No. 5-8 at

PageID #: 130.  His parole, however, was ended on April 18, 2025.  *See* Most Recent I-94 (ECF

No. 8-1) at PageID #: 163.  On June 16, 2024, the Department of Homeland Security issued a

Notice to Appear ("NTA") for removal proceedings pursuant to 8 U.S.C. § 1229a.  *See* ECF No.

8-2.

On June 2, 2025, Petitioner appeared in immigration court.  The government moved to

dismiss those proceedings, which Petitioner did not oppose.  Petitioner alleges that he did not

oppose the dismissal because he lacked counsel and misunderstood the difference between

"dismissal" and "closure" of immigration proceedings.  *See* ECF No. 5 at PageID #: 85, ¶¶

18-19.  The immigration judge granted the dismissal, and Petitioner was detained and placed in

expedited removal proceedings.  *See* Order on Motion to Dismiss (ECF No. 8-3); EARM

Encounter (ECF No. 8-4).  Petitioner appealed the dismissal to the Board of Immigration

Appeals ("BIA"), and the BIA dismissed the appeal on April 20, 2026.  *See* ECF No. 5-3.  Four

days later, Petitioner filed his initial habeas petition with this Court.  *See* ECF No. 1.

---

[1] Petitioner's "Brief in Response" was due on or before May 22, 2026, at 12:00 PM EDT.  *See* Amended Order to Show Cause (ECF No. 7) at PageID #: 155, ¶ 2.  It, however, was not filed until May 22, 2026, at 6:19 PM EDT.

(3:26CV0971)

On April 21, 2026, Petitioner's expedited removal proceedings were ended when the government issued a new NTA.  *See* ECF No. 5-13.  This NTA placed Petitioner into regular removal proceedings pursuant to 8 U.S.C. § 1226.  *See* ECF No. 5-13.  Petitioner was scheduled for a master hearing before the immigration court on May 19, 2026 in these new proceedings.  *See* Notice of Internet-Based Hearing (ECF No. 8-5).

In *Lopez-Campos v. Raycraft*, --- F.4th ----, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026), the United States Court of Appeals for the Sixth Circuit recently found that an "'applicant for admission' is not necessarily 'seeking admission.'"  Therefore, an "applicant for admission" is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  *Id.* at *11.  The government takes the position that *Lopez-Campos* does not compel the same result that this Court reached in *Hernandez-Cine v. Voorhies*, No. 4:26CV0421, 2026 WL 972364 (N.D. Ohio April 10, 2026) (Pearson, J.); *E.V. v. Raycraft*, No. 4:25CV2069, 2025 WL 3122837 (N.D. Ohio Nov. 7, 2025) (Pearson, J.), appeal pending No. 26-3015 (6th Cir.).

On the legal issue of which statute governs Petitioner's detention in the case at bar – whether it is 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(1) – the government, however, acknowledges that this Court's decisions in *Hernandez-Cine* and *E.V.* would control the result here if the Court adheres to those decisions, because the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention.  *See* ECF No. 8 at PageID #: 161.  Petitioner agrees.

3

(3:26CV0971)

The Court adheres to and will continue to apply a statutory analysis in the case at bar consistent with its prior holdings in *Hernandez-Cine* and *E.V.* concerning § 1225(b)'s applicability to *all* noncitizens without legal status to remain in the United States.  In *Hernandez-Cine*, the Court found that "an individualized bond hearing [ ] ensures that an immigration judge can assess whether a noncitizen poses a flight risk or a danger to the community, thereby mitigating the erroneous deprivation of noncitizen's liberty interests." 2026 WL 972364, at *6 (citations omitted).  Moreover, the Court's conclusion in *E.V.* is in accord "with the growing consensus of district courts across the country recognizing that as-applied due process challenges to detention without a bond hearing are not foreclosed by either *Thuraissigiam* or *Jennings*."[2] *E.V.*, 2025 WL 3122837, at *11 (collecting cases).

For the reasons discussed above, the Court Orders Respondents to:

1.  Maintain Petitioner's removal under the regular removal process pursuant to 8 U.S.C. § 1229a, not expedited removal proceedings under § 1225(b)(1); and

2.  Within seven (7) days of this Order, afford Petitioner an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before an immigration judge, during which Respondents shall bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or a danger to the community such that his continued detention is justified; or

3.  Release Petitioner from custody; and

---

[2] *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (holding that noncitizens "who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are 'treated' for due process purposes 'as if stopped at the border.'"); *Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018) (the INA limits district courts' jurisdiction in immigration matters).

(3:26CV0971)

     4.  File a status report within 48 hours of the bond hearing or Petitioner's release, but no later than ten days from the date of this Order, certifying compliance therewith.  The report shall inform the Court whether a bond hearing was held.  If Petitioner has not been released from custody, Respondents shall inform the Court, in detail, of the reasons for his continued detention, including any reasoning of an immigration judge.


     IT IS SO ORDERED.


   May 27, 2026
Date

                  */s/ Benita Y. Pearson*
                  Benita Y. Pearson
                  United States District Judge